**United States District Court**
For the Northern District of California

1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   REJECTS SKATE MAGAZINE, INC., a                No. C 06-2590 CW
    Tennessee corporation; WESLEY M.
9   DRIVER; RADIUS MEDIA, LLC, an Alabama          ORDER GRANTING IN
    limited liability company; and SHAWN          PART AND DENYING
10  ENGLER,                                        IN PART
                                                   DEFENDANT'S
11          Plaintiffs,                            MOTION TO DISMISS

12      v.

13  ACUTRACK, INC.,

14          Defendant.

15  _____/

16

17      Defendant Acutrack, Inc., moves pursuant to Federal Rules of

18  Civil Procedure 9(b), 12(b)(1) and 12(b)(6) to dismiss the

19  complaint filed against it by Plaintiffs Rejects Skate Magazine,

20  Inc. (Rejects), Wesley Driver, Radius Media, LLC and Shawn Engler,

21  and, in the alternative, to strike Plaintiffs' claim for punitive

22  damages.  Plaintiffs oppose the motion.  The matter was taken under

23  submission on the papers.  Having considered all of the papers

24  filed by the parties, the Court grants the motion to dismiss the

25  claim for negligent and intentional infliction of emotional

26  distress, but otherwise denies Defendant's motion to dismiss.

27                              BACKGROUND

28      Unless otherwise noted, the following facts are taken from the

**United States District Court**

For the Northern District of California

Complaint and are assumed to be true for purposes of this motion.

Mr. Driver organized and operated Rejects out of his home in Tennessee and founded its eponymous magazine.  The magazine targeted minors who were interested in skating and, up until February, 2003, it enjoyed substantial growth, including being placed for sale in Barnes & Noble Bookstores, and had a bright future.  As part of its marketing plan, many issues of the magazine included DVDs, with similar skate content.

Radius is a company founded by Mr. Engler, organized and operating in Alabama.  Radius produced Rejects' DVDs, and the two companies worked closely with each other to ensure that the content of the DVDs was similar to that of the magazine.  Mr. Engler acted as an agent for Mr. Driver, Radius and Rejects.

Plaintiffs entered into an agreement with Defendant (described as a "foreign" corporation doing business in Tennessee) to reproduce Rejects' DVD No. 4.  In making the agreement, Plaintiffs relied on the following false statements of material fact made by Defendant:

> A.  That defendant Acutrack had performed numerous duplication and/or replication jobs in the past without making mistakes;
> B.  That defendant Acutrack would reproduce Rejects DVD #4 in substantially the same form in which it was received;
> C.  That the defendant Acutrack used advanced processes to insure that Rejects DVD No. 4 would be replicated and/or duplicated in substantially the same form in which it was received;
> D.  That defendant Acutrack took proper measures to ensure that its reproduction process yielded replicates and/or duplicates that were substantially similar to the original;
> E.  That DVDs reproduced and/or replicated by the defendant Acutrack exceeded industry standards.

Complaint ¶ 44.  The Complaint does not specify which portions of

2

1   these statements were false, or if they were all false in their

2   entirety.

3       Defendant failed to perform its obligations under the

4   agreement by failing to reproduce the DVD supplied by Plaintiffs.

5   Instead, "on a substantial number of DVDs, Acutrack produced and/or

6   reproduced gay pornography, including a hardcore gay pornographic

7   movie named "Hard Hat Pigs." Complaint ¶ 15.  The pornographic

8   DVDs were then distributed with Rejects' magazine to retail outlets

9   for sale, and viewed by children across the country.

10      As a result, Plaintiffs suffered damage, including the demise

11  of Rejects' magazine and serious economic harm to Radius.  Mr.

12  Engler and Mr. Driver suffered severe damage to their reputations,

13  severe mental anguish and emotional distress, substantial debt and

14  loss of substantial income.

15      Plaintiffs bring claims for (1) breach of contract;

16  (2) negligence, gross negligence and/or wantonness based on

17  Defendant's alleged "duty to reproduce the content on Rejects DVD

18  No. 4 in a professional manner" and to reproduce substantially

19  identical content to that sent to it by Plaintiffs; (3) negligent

20  and/or intentional misrepresentation; and (4) intentional and/or

21  negligent infliction of emotional distress.  Plaintiffs seek

22  compensatory and punitive damages.

23      Plaintiffs originally filed a complaint in Alabama State court

24  on April 7, 2004.  Defendant moved to dismiss on various grounds.

25  The Alabama court granted Defendant's motion to dismiss under the

26  doctrine of forum non conveniens.  Plaintiffs then filed the

27  current Complaint in Tennessee State court on April 18, 2005.

28

3

Defendant removed the case to the United States District Court for the Middle District of Tennessee. According to Defendant's Notice of Removal, the district court had jurisdiction "because complete diversity exists and the amount in controversy exceeds $75,000.00." Pls.' Ex. A, Def.'s Not. of Removal ¶ 3. Defendant's allegations regarding the citizenship of the parties were the same as those in the Complaint, except that Defendant specified that it is a California corporation with its principal place of business in Livermore, California, and that Mr. Engler is and was a resident of Alabama. Id. ¶¶ 6, 8. Defendant also noted that Mr. Driver is now a resident of New York. Id. ¶ 5. Plaintiffs moved to remand on that grounds that Defendant had waived its right to removal by consenting to the dismissal of the Alabama action and to the jurisdiction of the State of Tennessee. The Tennessee district court denied the motion. Pls.' Ex. B, August 22, 2005 Order at 2. That court later granted Defendant's motion for transfer of venue to the Northern District of California.

LEGAL STANDARDS

I.  Rule 12(b)(1)

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). Federal subject matter jurisdiction must exist at the time the action is commenced. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988), cert. denied, 488 U.S. 1006 (1989). A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of

4

jurisdiction which exists despite the formal sufficiency of the complaint.  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).

Subject matter jurisdiction is a threshold issue which goes to the power of the court to hear the case.[1]  Therefore, a Rule 12(b)(1) challenge should be decided before other grounds for dismissal, because they will become moot if dismissal is granted. Alvares v. Erickson, 514 F.2d 156, 160 (9th Cir.), cert. denied, 423 U.S. 874 (1975).

A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears.  Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989). An action should not be dismissed for lack of subject matter jurisdiction without giving the plaintiff an opportunity to amend unless it is clear that the jurisdictional deficiency cannot be cured by amendment.  May Dep't Store v. Graphic Process Co., 637 F.2d 1211, 1216 (9th Cir. 1980).  Absent an independent basis, the agreement of the parties does not confer subject matter jurisdiction.  Brockman v. Merabank, 40 F.3d 1013, 1017 (9th Cir. 1994).

II.  Rule 12(b)(6)

A motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under

---

[1]Therefore, the parties' focus on whether Defendant "waived" its challenge to the Court's subject matter jurisdiction by removing this case to Tennessee district court is inapposite.

5

any set of facts that could be proved consistent with the allegations." Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).  All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). When granting a motion to dismiss, a court is generally required to grant a plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile.  Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment would be futile, a court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).  Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading.  Id. at 296-97.

III.  Rule 9(b)

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).  The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). Statements of the time, place and nature of the alleged fraudulent activities are sufficient, Wool v. Tandem Computers, Inc., 818 F.2d

6

1433, 1439 (9th Cir. 1987), provided the plaintiff sets forth "what is false or misleading about a statement, and why it is false."[2] In re GlenFed, Inc., Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994).  Scienter may be averred generally, simply by saying that it existed.  See id. at 1547; see Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally").  As to matters peculiarly within the opposing party's knowledge, pleadings based on information and belief may satisfy Rule 9(b) if they also state the facts on which the belief is founded.  Wool, 818 F.2d at 1439.

DISCUSSION

I.  Subject Matter Jurisdiction

Defendant moves to dismiss the Complaint for lack of subject matter jurisdiction, on the grounds that Plaintiffs' original pleading in Tennessee State court failed to specify the citizenship of each Plaintiff and failed to state that the amount in controversy was more than $75,000.

District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).

Here, most of the necessary elements of diversity jurisdiction which Defendant now claims are missing have in fact been

_____

[2]Defendant mistakenly relies on Desaigoudar v. Meyercord, 223 F.3d 1020, 1022 (9th Cir. 2000) for the proposition that averments of fraud must be plead with a "high degree of meticulousness"; this standard refers to the requirements of the Private Securities Litigation Reform Act.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1  affirmatively established by Defendant's own pleading in its Notice
2  of Removal, which is attached to Plaintiffs' opposition and is also
3  part of the docket transferred to this Court from Tennessee.  For
4  instance, the Notice of Removal indicates that the amount in
5  controversy is more than $75,000 and that Defendant is a citizen
6  and resident of California.  Moreover, Defendant affirmatively
7  represented that "complete diversity exists."  Notice of Removal
8  ¶ 3.  The Tennessee district court presumably relied on this
9  statement in exercising jurisdiction and denying Plaintiffs' motion
10 to remand, although it appears from the judge's order that
11 Plaintiffs argued only that Defendant had waived its right of
12 removal, not Defendant lacked the right to remove.  Defendant does
13 not now claim that the statements it alleged in the Notice of
14 Removal are mistaken or present any other reason why the Court
15 should not rely on the representations therein.  However, in light
16 of Defendant's current position, if Plaintiffs would like the Court
17 to remand this case to Tennessee State court, the Court will do so
18 on their request.  The Court denies Defendant's motion to dismiss
19 for lack of subject matter jurisdiction.

20 II.  Economic Loss Doctrine

21      Defendant moves to dismiss Plaintiffs' claims for negligence,
22 misrepresentation and emotional distress on the grounds that they
23 are precluded by the economic loss doctrine.

24      Under California's economic loss rule, to recover in tort for
25 damages caused by a defective product, a plaintiff must demonstrate
26 personal injury or damage to property other than the product
27 itself.  <u>Jimenez v. Super. Ct.</u>, 29 Cal. 4th 473, 483 (2002); <u>Aas v.</u>

28

**United States District Court**
For the Northern District of California

Super. Ct., 24 Cal. 4th 627, 635-36 (2000).  Generally, a tortious

breach of contract may be found when

> (1) the breach is accompanied by a traditional common law
> tort, such as fraud or conversion; (2) the means used to
> breach the contract are tortious, involving deceit or undue
> coercion; or (3) one party intentionally breaches the contract
> intending or knowing that such a breach will cause severe,
> unmitigable harm in the form of mental anguish, personal
> hardship, or substantial consequential damages.

Robinson Helicopter Co. v. Dana Corp., 34 Cal. 4th 979, 990 (2004)

(quoting Ehrlich v. Menezes, 21 Cal. 4th 543, 553-54 (1999)).

Claims of fraud and intentional misrepresentation that are

independent of a breach of contract are not subject to the economic

loss rule.  Id. at 991.

    Plaintiffs argue that the economic loss rule is inapposite

because the contract here was for services, not a product.

However, as this Court has held in another case involving the

economic loss doctrine,[3] the limitation on tort recovery applies to

the negligent performance of services as well as to the negligent

manufacture of goods.  As the Court has reasoned,

> The Aas Court briefly addressed the plaintiffs' contention
> that the economic loss rule does not apply to the negligent
> performance of service.  In a footnote, the Aas Court noted,
> "Plaintiffs also argue that Seely [v. White Motor Co., 63 Cal.
> 2d 9, 18 (1965)] does not apply to the negligent performance
> of services, as distinguished from the negligent manufacture
> of products." [Aas, 24 Cal. 4th at] 645, n. 11 (internal
> citation omitted) (emphasis in original).  The Aas Court
> responded that "the basis for that argument appears, once
> again, to be that J'Aire takes precedence over Seely."  Id.
> (internal citation omitted).  Read in the context of the
> opinion as a whole, this passage suggests that the Aas Court

---

[3]Kalitta Air, LLC v. Cent. Tex. Airborne Systems, Inc., No. C
96-2494 CW (N.D. Cal. judgment as a matter of law granted in part,
July 22, 2005), petitions for permission to appeal granted, Nos.
05-16841 and 05-16842 (9th Cir. Sept. 20, 2005).

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10

rejected the plaintiffs' contention that negligent performance
of services is to be treated differently than the negligent
manufacture of goods.  This interpretation of this passage is
supported by other passages of the Aas opinion that draw no
distinction between these situations.  See id. at 636 ("For
defective products and negligent services that have caused
neither property damage nor personal injury, however, tort
remedies have been uncertain.").  In addition, the Aas Court
specifically rejected the plaintiffs' argument, based on North
American Chemical Co. v. Superior Court, 59 Cal. App. 4th 764,
774 (1997), that those plaintiffs in contractual privity with
the defendant are entitled to recover for negligent
performance of a service contract.  Id. at 642-43.  The Aas
Court explained that a "person may not ordinarily recover in
tort for the breach of duties that merely restate contractual
obligations." Id. at 643.  For these reasons, the Court
concludes that economic loss rule applies to the negligent
performance of services as well as to the negligent
manufacture of goods.

11  Order Granting Pl.'s Req. for Clarification and Denying Def.'s

12  Req., Kalitta, slip op. at 8-9 (Aug. 19, 2004) (full citation for

13  Seely added).  Therefore, the Court will apply the economic loss

14  rule here regardless of whether the parties' contract is defined as

15  one for a product (i.e., duplicated DVDs) or services (duplication

16  of DVDs).

17      Plaintiffs' negligence claim merely restates its breach of

18  contract claim, thereby subjecting Plaintiffs' claim to application

19  of the economic loss doctrine.  However, because Plaintiffs could

20  arguably prove, consistent with the allegations in the Complaint,

21  personal injury or damage to other property, the Court denies

22  Defendant's motion to dismiss the negligence claim.

23      Plaintiffs' claims for negligent or intentional

24  misrepresentation and negligent or intentional infliction of

25  emotional distress are traditional common law tort claims.  By

26  alleging these torts, Plaintiffs have alleged violations of duties

27  independent of the contract; therefore, the economic loss doctrine

28

United States District Court

For the Northern District of California

1  does not apply to those claims.

2      Therefore, the Court denies Defendant's motion to dismiss, on

3  the basis of the economic loss rule, Plaintiffs' claims for

4  negligence, negligent or intentional misrepresentation and

5  negligent or intentional infliction of emotional distress.

6  III.  Failure to Plead with Particularity

7      Defendant moves to dismiss Plaintiffs' claim for negligent or

8  intentional misrepresentation on the ground that Plaintiffs have

9  failed to plead this claim with the particularity required by Rule

10  9(b).

11      Plaintiffs specify in their Complaint the particular

12  statements, made over the telephone by Defendant in late December,

13  2002, which are alleged to be false.  However, a plaintiff

14      must set forth more than the neutral facts necessary to
       identify the transaction.  The plaintiff must set forth what

15      is false or misleading about a statement, and why it is false.

16  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)

17  (quoting Decker v. GlenFed, Inc., 42 F.3d 1541, 1548 (9th Cir.

18  1994)).[4]  Here, the Complaint makes clear that the DVDs were not

19  correctly duplicated, a fact which presumably forms the basis of

20  Plaintiffs' belief that certain of Defendant's alleged statements

21  (e.g., that Defendant "took proper measures to ensure that its

22  reproduction process yielded replicates that were substantially

23  similar to the original") were false or misleading.  See Complaint

24  _____

25      [4]Defendant also relies upon Decker for the proposition that
   Plaintiffs must plead with particularity "an explanation as to why

26  the disputed statement[s were] untrue or misleading when made."  42
   F.3d at 1549.  However, this portion of Decker refers to the

27  heightened pleading standard applicable in securities fraud cases.

28                              11

¶ 44(D) and (E).  Although Plaintiffs have not explained why statements such as that in ¶ 44(A), alleging that Defendant said it would use advance processes to duplicate the DVDs, were false or misleading, the Complaint is sufficient without them.

Therefore, the Court denies Defendant's motion to dismiss Plaintiffs' claim for negligent or intentional misrepresentation.

IV.  Emotional Distress

Defendant moves to dismiss Plaintiffs' claim for negligent or intentional infliction of emotional distress on the grounds that Plaintiffs have failed to allege any outrageous conduct, severe emotional distress or causation.  Plaintiffs do not oppose this portion of Defendant's motion.  A claim for infliction of emotional distress damages requires "extreme and outrageous" conduct by a defendant that is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 1001 (1993) (quoting Christensen v. Sup. Court, 54 Cal. 3d 868, 903 (1991)).  The Court agrees that none of Defendant's alleged acts or omissions can be described as extreme and outrageous, despite Plaintiffs' conclusory descriptions.  Accordingly, the Court grants Defendant's motion to dismiss Plaintiffs' claim for negligent or intentional infliction of emotional distress.  Plaintiffs do not request leave to amend; however, the Court will allow them to file a FAC including a claim for intentional or negligent infliction of emotional distress if they can, truthfully and consistently with the original complaint, allege facts showing that Defendant engaged in extreme and outrageous conduct.

12

V.   Punitive Damages

Finally, Defendant moves to strike Plaintiffs' demand for punitive damages on the grounds that they have failed to state a claim that would support punitive damages.

> [P]unitive or exemplary damages, which are designed to punish and deter statutorily defined types of wrongful conduct, are available only in actions for breach of an obligation not arising from contract.  In the absence of an independent tort, punitive damages may not be awarded for breach of contract even where the defendant's conduct in breaching the contract was wilful, fraudulent, or malicious.

Cates Constr., Inc. v. Talbot Partners, 21 Cal. 4th 28, 61 (quoting Cal. Civ. Code § 3294(a) and Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 516 (1994)) (internal quotation marks, internal citations and emphasis omitted).

In Section II above, the Court denied Defendant's motion to dismiss Plaintiffs' claim for negligence, on the grounds that they could, consistently with the Complaint, prove a type of damage that would avoid application of the economic loss rule.  In addition, Plaintiffs' fraud claim survives.  These claims would support punitive damages.  Therefore, Defendant's motion to strike is denied.

CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss Plaintiffs' claim for negligent or intentional emotional distress but otherwise DENIES the motion (Docket No. 11). Plaintiffs may file a FAC within twenty days of the date of this order, if they can, truthfully and without contradicting the

13

original complaint, allege facts showing that Defendant engaged in
extreme and outrageous conduct.

IT IS SO ORDERED.

Dated: 8/22/06

_____
CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California

14